J-S47038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER MICHAEL WHITEMAN | : | |
| | : | |
| Appellant | : | No. 1838 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 15, 2023
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000240-2022

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JANUARY 24, 2024**

Appellant, Christopher Michael Whiteman, appeals from the judgment of sentence imposed after he pleaded guilty to DUI Controlled Substance - Impaired Ability ("DUI"),[1] Possession of a Controlled Substance, namely, heroin,[2] and Driving While Operating Privilege Suspended/Revoked.[3] Herein, he challenges the discretionary aspects of his sentence. Additionally, his counsel seeks to withdraw from representation and has filed a brief pursuant to **Anders v. California**, 386 U.S. 38 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Upon review, we grant counsel's petition and affirm judgment of sentence.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(d)(2).
[2] 35 P.S. § 780-113(a)(16).
[3] 75 Pa.C.S.A. § 1543(a).

The relevant facts and procedural history follow. At approximately 2:00 p.m. on March 28, 2022, Sergeant Donald Thacher of the Honesdale Borough Police Department responded to a dispatch regarding a vehicle parked on a street in such a way that it blocked a private driveway. Affidavit of Probable Cause, 5/17/22, at 1. At the scene, the sergeant found the vehicle located as described, and he observed Appellant asleep in the driver's seat with the engine running and hazard lights flashing. *Id*. Once awakened, Appellant exhibited slurred speech, bloodshot eyes, and an implausible explanation for his presence at a location with which he had no apparent connection. *Id*.

The sergeant obtained Appellant's information and ran it through JNET, which revealed that Appellant's driver's license was under DUI-related suspension and that he was wanted for several AOPC warrants issued by a local district judge. *Id*. A personal search of Appellant disclosed several small glassine packets—some empty, some containing a white powdery substance—which, in the sergeant's experience, were often used to package heroin. *Id*.

Based on the totality of the sergeant's observations, he asked for and received Appellant's permission to perform a field sobriety test, which suggested Appellant may be under the influence of a controlled substance. *Id*. Appellant agreed to submit to a blood draw performed at a nearby facility, and the results indicated the presence of fentanyl, methamphetamine, THC, and Gabapentin. *Id*. at 1-2.

On September 23, 2022, Appellant was charged with the above-listed offenses as well as with possession of drug paraphernalia[4] and illegal parking in front of a public/private driveway.[5]  On May 4, 2023, Appellant entered a counseled, non-negotiated guilty plea to the charges of DUI, possession of a controlled substance (heroin), and driving while his operating privileges were suspended, as noted *supra*.

At Appellant's June 15, 2023, sentencing hearing, the trial court acknowledged that it reviewed Appellant's presentence investigation report, and it received defense counsel's recitation of mitigating circumstances, which included the following:

> **DEFENSE COUNSEL**: Mr. Whiteman is thirty-six years of age.  He's married with five children.  He does have his GED.  He agreed with the official version.  All of his problems come from addiction, Your Honor.  He does have a solid work record as a laborer with the same company for the last six years.  He's done very well while he is in jail.  He's taking advantage of everything they had to offer there in terms of AA meetings, parenting classes, anger management classes and bible study, which is a great indication that he is trying, Your Honor.  He's had no infractions while he's been in the Wayne County Jail.  He has a very supportive family., His mother visits him weekly.  His father calls him weekly, and he speaks to his children every week from the jail.  He was very cooperative with probation.

N.T., 6/15/23, at 4-5.  Appellant, likewise, addressed the trial court briefly, stating, "Yes, that, um, I know I made mistakes, and I'm trying to make everything right now.  And I'm sorry."  N.T. at 5.

---

[4] 35 P.S. 780-113(a)(32).
[5] 75 Pa.C.S.A. § 3353(a)(2)(i).

- 3 -

The trial court imposed an aggregate sentence of 18 months to 72 months' incarceration, which comprised standard guideline range sentences of not less than 12 months nor more than 60 months on Count 1 (DUI), and of not less than six months nor more than 12 months on Count 2 (Simple Possession-Heroin), to run consecutively to Count 1, along with a mandatory minimum fine of $200 on Count 4 (Driving while Operating Privileges Suspended/Revoked). The court provided the following reason for its sentence:

> **TRIAL COURT:** Thank you, Mr. Whiteman, I did review the presentence report prepared for me by the probation department. What the [trial court] cannot avoid is your history. When you come before the [trial court] for sentencing, every individual that's before me has to be taken into consideration. Not just who they are, who their relationships are, where they live, education, but significantly their criminal history. That's what puts you up in the sentencing recommendations and guidelines. You have nine prior convictions. The DUI in 2019. Some significantly serious burglary charges in '07.
>
> I did note that you were full time employed before jail with a very good work history as well as what your attorney brought to light which was your compliance in the Wayne County Correctional Facility. But I think the most glaring issue in your history and the information provided in the report is where your attorney started, which is addiction. It focuses on a very young age and a progression from alcohol, prescription medication, marijuana, cocaine and the end result methamphetamine, which apparently was being used on a daily basis prior to either this charge or incarceration.
>
> It was noted in the report that you did apply to the drug and treatment court; however, you refused what was requested of you, which was in-patient. And then again when you've been evaluated now in jail, in-patient is still the recommendation. There's a serious addiction issue. You're only thirty-six years old. There's a lot of life left to live, but if you don't take your drug

- 4 -

addiction seriously, this just continues to happen. It's a revolving door when drugs remain in the picture. I do feel a state drug treatment program would benefit you significantly because I think you are someone who is certainly committed to doing the right thing when given the opportunity. You've done so in jail. You've done so with your work. I'm hopeful that you'll take advantage of that program to the highest extent because it does provide the best way for you to maintain recovery once released.

N.T. at 5-7.

Appellant filed a timely motion for reconsideration of sentence, which the trial court denied on June 27, 2023. This timely appeal followed.

The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to P.R.A.P. 1925(a) on July 15, 2023, and Appellant complied timely, raising six related issues implicating the discretionary aspects of his sentence.[6] On August 15, 2023, the trial court issued a responsive Pa.R.A.P. 1925(a) opinion, which is incorporated in the certified record.

_____

[6] Our review has revealed that counsel for Appellant failed to attach a copy of the concise statement to the **Anders** brief as required by our appellate rules. **See** Pa.R.A.P. 2111(d). Nevertheless, for the following reasons, we refrain from taking any action other than reminding counsel of the obligation set forth in Rule 2111(d). Counsel's omission is not a jurisdictional defect, and the appellate rules give this Court discretion to forego corrective action where briefing defects are minor. **See** Pa.R.A.P. 2101. In addition, our examination of the certified record confirms that counsel filed the concise statement in accordance with the trial court's order, counsel's omission has not hampered our review, and the Commonwealth has not objected to the defect. Finally, we note that because counsel has filed an **Anders** brief and requested leave to withdraw, we have an independent obligation to review all appellate submissions to ascertain whether any non-frivolous issues are present. Accordingly, we find further corrective action is unnecessary.

On appeal, counsel files an *Anders* brief and an accompanying application to withdraw as counsel. The *Anders* brief raises the following claim:

> Whether the lower court abused its discretion by imposing a sentence which was manifestly unreasonable based upon the factors reviewed by the court and that the court failed to properly and fully consider all mitigating evidence and reports consistent with the application of the requirements of the Sentencing Code?

*Anders* Brief at 5.

Before reviewing the merits of this appeal, this Court must first determine whether appointed counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Finally, counsel must furnish a copy of the *Anders* brief to the defendant and advise the defendant "of [the defendant's] right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention." *Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted).

If counsel meets the above obligations, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018); *see also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the *Anders* procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them."). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

Here, counsel has complied with the above procedural obligations, and Appellant has not responded. We must, therefore, review the record and

analyze whether this appeal is, in fact, wholly frivolous. Our review begins with the claim Appellant raises in his brief.

The **Anders** brief challenges the discretionary aspect of Appellant's sentence. Pursuant to statute, a discretionary sentencing challenge does not entitle an appellant to "review as of right." **See** 42 Pa.C.S.A. § 9781(b); **Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. **Caldwell**, **supra**. As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

**Commonwealth v. Cook**, 941 A.2d 7, 11 (Pa. Super. 2007).

Counsel filed a timely notice of appeal and preserved the discretionary aspects of sentencing claim in a post-sentence motion for reconsideration of sentence. Although the **Anders** brief does not include the requisite Pa.R.A.P. 2119(f) statement, the Commonwealth's brief does not object to the omission. Because the absence of the statement does not hamper our review, we decline to find waiver on this basis. **See Commonwealth v. Gould**, 912 A.2d 869, 872 (Pa. Super. 2006) ("[I]n the absence of any objection from the

Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f).") (citation omitted). We turn, then, to whether there has been raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

"The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Marts**, 889 A.2d 608, 612 (Pa. Super. 2005) (internal citations omitted).

"[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010). "[W]here the trial court is informed by a presentence investigation report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Edwards**, 194 A.3d at 637 (citation omitted). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the presentence investigation report; thus properly considering and weighing all relevant factors." **Id.** (citation omitted).

Moreover, we have recognized "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012) (*en banc*).

Finally, it is well-settled that the determination of whether a substantial question exists must be done prior to—and be divorced from—the determination of the potential merits of an issue. *Commonwealth v. Tuladziecki*, 522 A.2d 17, 19 (Pa. 1987). If it were otherwise, a challenger would "in effect obtain [ ] an appeal as of right from the discretionary aspects of a sentence"—a result that would violate statutory law. *Id*.

Here, Appellant has not raised a substantial question that his sentence is inappropriate under the Sentencing Code or contrary to the fundamental norms of the sentencing process. In sentencing Appellant, the trial court was required to "consider the general principles and standards of the Sentencing Code." *Commonwealth v. Russell*, 460 A.2d 316, 322 (Pa. Super. 1983). Section 9721 of the Sentencing Code expresses these general principles in the following manner:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

At Appellant's sentencing hearing, the trial court stated on the record that it had reviewed Appellant's presentence investigation report. N.T., 6/15/23, at 4, 5-7. Thus, under relevant authority discussed *supra*, we presume the trial court weighed all appropriate sentencing factors. Furthermore, the trial court acknowledged that Appellant's prior criminal history elevated his guideline ranges, and it engaged in an extensive review of Appellant's ongoing, serious addiction issues, observing not only that Appellant had not rectified such issues but also that they were increasing in severity and that Appellant had refused in-patient drug treatment previously requested of him. N.T. at 6-7. The trial court opined, therefore, that Appellant's rehabilitative needs warranted the imposition of a state sentence to allow Appellant to avail himself of the state drug treatment programs. N.T. at 6-7.

This record shows that the trial court considered the general principles and standards of the Sentencing Code and applied them in imposing an aggregate sentence of 18 to 72 months' incarceration that is neither extreme nor unduly lengthy. Under such circumstances, Appellant's claim does not raise a substantial question that the sentence imposed was inappropriate under the Sentencing Code. Accordingly, we do not reach the merits of Appellant's claim.

Finally, after an independent review of the entire record, we discern nothing that arguably could support this appeal. *See Commonwealth v. Vilsaint*, 893 A.2d 753, 758 n.6 (Pa. Super. 2006) ("The filing of the *Anders*

brief triggers the duty of our Court to conduct an independent review of the entire record to make sure counsel has fully represented his client's interest."). Because the appeal is, therefore, wholly frivolous, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw appearance.

Petition for leave to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>1/24/2024</u>